
# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs December 20, 2016

## BILLY RICHARD HICKS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 106730, 105064, 106729, 106731     Steven Wayne Sword, Judge**

———————————————————

### No. E2016-01437-CCA-R3-PC

———————————————————

The Petitioner, Billy Richard Hicks, appeals the post-conviction court's denial of his petition for post-conviction relief in which he challenged his convictions for driving under the influence ("DUI"), tenth offense; violation of the motor vehicle habitual offender ("MVHO") statute; driving on a revoked license, second or subsequent conviction; and criminal impersonation. On appeal, the Petitioner contends that trial counsel was ineffective in failing to show the video of the Petitioner's performance on the field sobriety tests to the Petitioner prior to trial. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J. and JAMES CURWOOD WITT, JR., J., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Billy R. Hicks.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; Charme P. Allen, District Attorney General; and Kenneth F. Irvine, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### TRIAL COURT PROCEEDINGS

After an officer stopped him for driving without a seatbelt on November 6, 2008, the Petitioner was convicted of DUI, tenth offense; violation of the MVHO statute; driving on a revoked license, second or subsequent conviction; and criminal

impersonation.  *See State v. William Richard Hicks*, No. E2012-00063-CCA-R3-CD, 2013 WL 5677351, at *1 (Tenn. Crim. App. Oct. 18, 2013), *perm. app. denied* (Tenn. Apr. 9, 2014).  The evidence presented at trial as summarized by this court on direct appeal was as follows:

> The events resulting in these convictions occurred on the early morning of November 6, 2008, when the defendant was stopped for driving without a seatbelt and was unable to produce a driver's license.  He provided to the officer a false name, date of birth, and social security number.  Detecting an odor of alcohol on the defendant's breath, the officer directed that the defendant perform three different field sobriety tests, two of which the defendant, who had refused to submit to a blood alcohol test, failed.  Subsequently, it was determined that the defendant's driver's license had been revoked and that on November 13, 2001, he had been declared a habitual motor vehicle offender.

*Id.*

Prior to the beginning of the trial, the Petitioner stated that he had not yet viewed the video of the stop, and trial counsel acknowledged that he had been unable to show the video to the Petitioner because his computer equipment malfunctioned.  The Petitioner stated that trial counsel briefly reviewed the State's discovery with him for approximately forty-five minutes.  Trial counsel stated that he had reviewed the State's discovery and was prepared to proceed with the trial.

A portion of the video of the Petitioner's stop depicting his performance on the field sobriety tests was presented at trial during the testimony of the arresting officer.  Following the arresting officer's testimony, trial counsel announced that the Petitioner wished to view the video recording and said that trial counsel was unable to play the video recording for the Petitioner at the jail.  The trial court recessed for lunch to allow the Petitioner the opportunity to view the video.  Following the recess, the trial court asked the Petitioner whether he had an opportunity to see the portions of the video that he wished to view, and the Petitioner affirmed that he had.

The defense recalled the arresting officer, and trial counsel questioned the officer about the Petitioner's statements on the video.  The officer acknowledged that the Petitioner informed him of issues with his hip and leg but that the Petitioner said he "could do [the field sobriety tests] fine."  The Petitioner told the officer on the video that he "was up for a hip replacement."  The officer acknowledged that he did not adjust the field sobriety tests based upon this information and said he was not aware of any way in which to adjust the tests.  On cross-examination by the State, the officer stated that had

the Petitioner told him that he was unable to physically perform the tests, the officer would not have administered them.

After the jury convicted the Petitioner, the trial court held a sentencing hearing and sentenced the Petitioner as a Range III persistent offender to six years for the DUI conviction, six years for the MVHO conviction, eleven months and twenty-nine days for the conviction for driving on a revoked license, and six months for the criminal impersonation conviction. *William Richard Hicks*, 2013 WL 5677351, at *1. The trial court ordered that the sentences for the misdemeanor convictions run concurrently with the sentence for the DUI conviction and that the sentences for the DUI and MVHO convictions be served consecutively, for an effective sentence of twelve years. *Id.*

In another trial, the Petitioner was convicted of violation of the MVHO statute, failure to obey traffic control devices, and failure to provide evidence of compliance with the financial responsibility law following a traffic stop on October 23, 2009. *Id.* at *1-2. The trial court sentenced the Petitioner to six years for the MVHO conviction and to concurrent terms of thirty days for each of the misdemeanor convictions. *Id.* at *2, 7. The trial court ordered the sentence be served consecutively to the Petitioner's prior sentence. *Id.*

In a third trial, the Petitioner was convicted of violation of the MVHO statute following a traffic stop on July 6, 2009. *Id.* at *2. The trial court imposed a six-year sentence to be served consecutively to the Petitioner's sentences for the convictions from the first two trials. *Id.* at *2, 8.

The Petitioner appealed his convictions at all three trials, and the appeals were consolidated in this court. On appeal, the Petitioner challenged the length of his sentences and the trial court's decision to impose consecutive sentences, and this court affirmed the trial court's judgments but remanded for entry of a corrected judgment as to one of the counts. *Id.* at *1.

## POST-CONVICTION PROCEEDINGS

The Petitioner filed multiple pro se petitions for post-conviction relief, challenging his convictions at all three trials and alleging that he received the ineffective assistance of counsel. The post-conviction court consolidated the petitions and appointed counsel. Counsel then filed multiple amended petitions. Although in the post-conviction court, the Petitioner challenged all of his convictions based upon ineffective assistance of counsel, he limits the issues raised on appeal to the effectiveness of trial counsel from his first trial, which resulted in his convictions for DUI, tenth offense, violation of the MVHO

statute, and multiple misdemeanors. Accordingly, we will limit our discussion of the proceedings in the post-conviction court to matters relevant to the issue raised on appeal.

At the beginning of the post-conviction hearing, post-conviction counsel announced that he has been unable to locate witnesses to testify to the issues raised in the post-conviction petition. Post-conviction counsel informed the post-conviction court that he understood that trial counsel was "no longer available" and that the Petitioner had informed him that he did not wish to testify during the hearing. The post-conviction court questioned the Petitioner, who affirmed that he did not wish to testify during the hearing, made allegations of misconduct against post-conviction counsel, and alleged that the transcripts from the trials were "altered drastically." Post-conviction counsel stated that he would rely upon the record of the trial and his arguments to support a claim of ineffective assistance of counsel.

At the conclusion of the hearing, the post-conviction court made oral findings and denied the petition for post-conviction relief. The post-conviction court found that even if trial counsel was deficient in failing to show the Petitioner the video of the stop prior to trial, the Petitioner failed to present any evidence establishing that any deficiency resulted in prejudice. On March 31, 2016, the post-conviction court entered an order denying relief.

On June 2, 2016, the Petitioner filed an untimely notice of appeal in the post-conviction court. The Petitioner then filed a motion in this court to waive the timely filing of the notice of appeal, and this court entered an order granting the Petitioner's motion. *See* Tenn. R. App. P. 4(a).

## ANALYSIS

The Petitioner contends that trial counsel in the first trial was ineffective in failing to show him the video recording of the stop that resulted in his arrest prior to the trial. The State responds that even if trial counsel was deficient, any deficiency did not result in prejudice. We agree with the State.

The Post-Conviction Procedure Act provides relief when a conviction or sentence is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. The petitioner bears the burden of proving the allegations of fact in the petition by clear and convincing evidence. T.C.A. § 40-30-110(f); *Ward v. State*, 315 S.W.3d 461, 465 (Tenn. 2010). "'Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009) (quoting *Hicks v. State*, 983 S.W.2d 240, 245

(Tenn. Crim. App. 1998)).  The findings of fact made by a post-conviction court are conclusive on appeal unless the evidence preponderates against them.  *Ward*, 315 S.W.3d at 465.  This court may not substitute its own inferences for those drawn by the post-conviction court, and questions concerning the credibility of witnesses, the weight and value of the evidence, and the factual issues raised by the evidence are to be resolved by the post-conviction court.  *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001).  Mixed questions of fact and law are reviewed de novo, with a presumption of correctness applied to the factual findings.  *Ward*, 315 S.W.3d at 465.  A claim of ineffective assistance of counsel raises a mixed question of law and fact.  *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).  The trial court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness.  *Id*.

Both the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution guarantee the criminally accused the right to representation by counsel.  *Pylant v. State*, 263 S.W.3d 854, 868 (Tenn. 2008).  The right to counsel encompasses "the right to 'reasonably effective' assistance, that is, assistance 'within the range of competence demanded of attorneys in criminal cases.'"  *Id*. (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  In evaluating a claim of ineffective assistance of counsel, the court must determine "'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'"  *Vaughn v. State*, 202 S.W.3d 106, 116 (Tenn. 2006) (quoting *Strickland*, 466 U.S. at 686).

To show that relief is warranted on a claim of ineffective assistance of counsel, the petitioner must establish both that counsel's performance was deficient and that the deficiency prejudiced the defense.  *Finch v. State*, 226 S.W.3d 307, 315 (Tenn. 2007).  Deficiency requires showing that counsel's errors were so serious "that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Strickland*, 466 U.S. at 687.  To demonstrate deficiency, the petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms.  *Pylant*, 263 S.W.3d at 868.  Courts must make every effort "'to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'"  *Felts v. State*, 354 S.W.3d 266, 277 (Tenn. 2011) (quoting *Strickland*, 466 U.S. at 689).  "'[A] reviewing court must be highly deferential and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"  *Felts*, 354 S.W.3d at 277 (quoting *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999).  In evaluating counsel's performance, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the

limitations on investigation.'" *Kendrick v. State*, 454 S.W.3d 450, 458 (Tenn. 2015) (quoting *Strickland*, 466 U.S. at 690-91). The reviewing court must begin with "the strong presumption that counsel provided adequate assistance and used reasonable professional judgment to make all strategic and tactical significant decisions." *Davidson v. State*, 453 S.W.3d 386, 393 (Tenn. 2014).

In determining prejudice, the post-conviction court must decide whether there is a reasonable probability that, absent the errors, the result of the proceeding would have been different. *Grindstaff*, 297 S.W.3d at 216. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Honeycutt*, 54 S.W.3d at 768 (quoting *Strickland*, 466 U.S. at 694). "That is, the Petitioner must establish that his counsel's deficient performance was of such a degree that it deprived him of a fair trial and called into question the reliability of the outcome." *Finch*, 226 S.W.3d at 316. "A reasonable probability of being found guilty of a lesser charge, or receiving a shorter sentence, satisfies the second prong of *Strickland*." *Pylant*, 263 S.W.3d at 869.

Because both prongs must be established for relief, a court need not address both if the defendant has failed to prove either deficiency or prejudice. *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Failure to show either deficiency or prejudice precludes relief. *Felts*, 354 S.W.3d at 277.

Although the Petitioner claims that trial counsel was deficient in failing to show the video of the stop to him prior to the trial, neither the Petitioner nor trial counsel testified at the post-conviction hearing. As we have noted, the Petitioner had the burden of proving his allegations by clear and convincing evidence. By failing to present the testimony of trial counsel and the Petitioner regarding the events that resulted in the Petitioner not viewing the video prior to trial, the Petitioner failed to present clear and convincing evidence of trial counsel's deficiency.

The Petitioner also failed to present clear and convincing evidence establishing that any deficiency resulted in prejudice. The transcript of the trial establishes that the Petitioner was allowed to see the video recording of the stop during a lunch break at the trial. After the Petitioner viewed the video, trial counsel recalled the arresting officer as a witness and questioned him regarding the Petitioner's statements as to his health issues and the Petitioner's ability to perform the field sobriety tests based upon the disabilities. The Petitioner failed to present any evidence at the post-conviction hearing establishing other proof that trial counsel could have presented had trial counsel shown the video to the Petitioner prior to trial. Accordingly, we conclude that the evidence presented at the post-conviction hearing failed to establish that the Petitioner received ineffective assistance of counsel.

**CONCLUSION**

Based on our review of the record and the applicable law, we affirm the judgment of the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE